# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY GHOLAR,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DEPARTMENT OF VETERAN ADMINISTRATION AFFAIR,<br>　　　　　Defendants. | Case No. 1:16-cv-00648-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSIAL FOR LACK OF SUBJECT MATTER JURISIDICTION WITHOUT PREJUDICE<br><br>ORDER VACATING SCHEDULING CONFERENCE<br><br>FOURTEEN-DAY DEADLINE |

### Findings and Recommendations

Plaintiff John Gholar ("Plaintiff"), a state prisoner, proceeding pro se, commenced this action by filing a complaint and paying the required filing fee on June 2, 2016. Plaintiff's pleading challenges the Defendant Department of Veteran Affairs ("VA") management of his veteran's disability benefits. (Doc. 1). Because this Court lacks the jurisdiction to provide the relief Plaintiff seeks, it is recommended that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

### Screening Requirement

Though a filing fee was paid, under 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to dismiss any case at any time if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (court must dismiss

action whenever it determines that it lacks subject matter jurisdiction).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff alleges that he is a veteran of the United States military who applied but was initially denied for service connected compensation.  Plaintiff later underwent surgery on his left knee in 1998 and the Social Security Administration granted Plaintiff supplemental disability benefits.

Plaintiff then alleges that in February 2012, the Department of Veteran Affairs reopened his claim for a service connected injury. The VA sent a physician to the Pleasant Valley State Prison, where Plaintiff is incarcerated, to perform a physical examination of his left knee and lower back. The VA physician awarded Plaintiff service connected compensation and the VA began mailing Plaintiff payments to his prison inmate veteran account.

At some time after being awarded service connected benefits, Plaintiff claims he received notice that he owed over $15,000.00 in "overpayment." Plaintiff alleges that he was initially receiving $587.36 a month, but due to his incarceration he was only entitled to receive a reduced benefit of $133.17 a month. Plaintiff claims that the VA was well aware of his incarceration at all times during his request for benefits.

Plaintiff filed this current lawsuit claiming that he is not obligated to reimburse the VA for the overpayment because the Veteran Act specifies that no recovery shall occur when the overpayment is not the fault of the veteran. Plaintiff further asks this Court to waive his overpayment; grant benefits for the time period before his incarceration; and award retroactive benefits for his knee injury.

**Jurisdiction Over Plaintiff's Claims**

Plaintiff's claims arise under the laws administered by the Department of Veterans Affairs. 38 U.S.C. 301, *et seq*. The Veterans' Judicial Review Act of 1988 provides the exclusive means for appealing benefit decisions made by the Department of Veterans Affairs. The claimant must first appeal to the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). An adverse decision by the Board may be appealed to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."). In the limited circumstances specified by statute, the claimant may seek review by the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. Federal district courts are not included in the congressional scheme for judicial review of veterans' benefit determinations.

A federal district court may dismiss an action *sua sponte* if jurisdiction is lacking. *Fiedler*, 714 F.2d at 78; *see also Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction); *Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the

District Court"). A district court may also dismiss an action *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff cannot possibly win relief in the district court. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed *sua sponte* before service of process." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984).

Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice to permit Plaintiff to pursue any remedies he may have under the exclusive review procedures provided by the Veterans' Judicial Review Act. *See Ford v. Shinseki*, 1:10-CV-01384-AWI, 2012 WL 1345746 (E.D. Cal. Apr. 16, 2012), *aff'd*, 538 Fed. Appx. 803 (9th Cir. 2013)(determining that the Board of Veteran Appeals has exclusive jurisdiction over the VA's decision regarding the provision of veterans' benefits, even when couched as a constitutional claim and dismissing without leave to amend); *Jenkins v. Dep't of Veteran's Affairs*, 2009 U.S. Dist. LEXIS 51875, at *2 (E.D. Cal. June 19, 2009) (Drozd. J) (dismissing pro se complaint sua sponte where Plaintiff challenged the VA's retroactive benefits determination).

**Conclusion and Recommendations**

The deficiencies of the complaint cannot be cured by an amendment. Thus, Plaintiff should not be granted leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000). Because the Court lacks subject matter jurisdiction, the action should be dismissed without prejudice. *See Veterans for Common Sense v. Shinseki,* 678 F.3d 1013, 1022, 1026-32 (9th Cir. 2012) (en banc) (Court of Appeals for Veterans Claims has exclusive jurisdiction to review administrative decisions regarding veterans' disability benefits, including all factual, legal, and constitutional questions involving benefits laws); *Kelly v. Fleetwood Enters.*, Inc., 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

Accordingly, IT IS HEREBY RECOMMENDED:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE;

2. the Initial Scheduling Conference set for October 11, 2016 is VACATED;

     3.     The Clerk of the Court be directed to close this matter.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 15, 2016**            /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE